## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br><br>**William T. Torppey**<br><br>**Debtor.** | **Civ. No. 12-3419 (WJM)**<br><br>**OPINION**<br><br>**HON. WILLIAM J. MARTINI** |

**WILLIAM J. MARTINI, U.S.D.J.:**

This matter comes before the Court on *pro se* Debtor William T. Torppey's appeal

of the decision of the Honorable Rosemary Gambardella, United States Bankruptcy

Judge, to vacate the discretionary stay of a pending sheriff's sale of Debtor's real

property which is in mortgage foreclosure (the "Foreclosure Sale"), as set forth in Judge

Gambardella's May 8, 2012 Order.  Debtor has also filed a motion with this Court to

indefinitely stay the Foreclosure Sale pending his appeal of that ruling.  For the reasons

set forth below, the decision of the Bankruptcy Court is **AFFIRMED**, Debtor's motion to

stay the Foreclosure Sale pending his appeal to this Court is **DENIED**, as moot, and, this

matter is **DISMISSED**.

### I.  BACKGROUND

The facts in this matter are largely undisputed.  Debtor and his wife, Donna Y.

Torppey, are the owners of real property that is currently in mortgage foreclosure and

1

which is located at 172 Fairmount Avenue, Chatham, NJ 07928 (the "Chatham

Property").  Appellee Capital One, N.A. ("Capital One") is the first secured mortgage

holder of that property, as set forth in the parties' mortgage documents (the "Mortgage").

On April 5, 2005, based on the Torppeys' failure to make mortgage payments, and

pursuant to the terms of the Mortgage, foreclosure proceedings on the Chatham Property

were initiated in New Jersey Superior Court at Case No. F-5836-05.  As a result of the

state court action, a Foreclosure Sale of the Chatham Property was originally scheduled

for December 9, 2010.  However, that sale has yet to occur, in large part because, since

2005, Debtor and his wife have collectively filed for bankruptcy on seven separate

occasions, and all seven filings have affected Capital One's rights under the Mortgage.

   For purposes of this appeal, it is sufficient to note that in the sixth of the Torppeys'

cases at Bankruptcy No. 11-21289, the Bankruptcy Court entered an Order on June 30,

2011, which stated that "if any future bankruptcy cases are filed by this Debtor/Debtors,

or any other occupant or owner of the [Chatham Property], within one (1) year from the

date of this order, such a bankruptcy filing shall not trigger the automatic stay [of any

pending Foreclosure Sale] under 11 U.S.C. [362](a) as to the [Chatham Property]" (the

"11-21289 Order").  Judge Gambardella later explained that the Bankruptcy Court

ordered prospective relief from the automatic stay in large part because of the Torppeys'

history of filing bankruptcy petitions.  (Hr'g Tr. 13 May 30, 2012, ECF No. 10.)

   Thereafter, on February 6, 2012, three days before a Foreclosure Sale of the

Chatham Property was scheduled to occur, Debtor initiated the Torppey's seventh

bankruptcy case when he filed a Chapter 13 Petition at Bankruptcy No. 12-12849.

However, because that filing occurred within one year of the 11-21289 Order, an automatic stay of the Foreclosure Sale was presumptively inapplicable.  Nonetheless, on April 19, 2012, Judge Gambradella, in her discretion, entered an Order in Bankruptcy No. 12-12849 which modified the 11-21289 Order by granting an additional sixty-day stay of Foreclosure Sale beginning on February 21, 2012.  As a condition of that extension, Debtor was required to comply with certain requirements, including that a contract of sale for the Chatham Property be procured by April 23, 2012 (the "12-12849 Conditional Stay Order").

Shortly thereafter, on April 23, 2012, Judge Gambardella held a hearing to address whether a continued stay of the Foreclosure Sale was appropriate.  Evidently, she indicated that the stay would be vacated effective May 8, 2012, but that no Foreclosure Sale could occur before June 8, 2012.[1]  Judge Gambardella later explained the basis for that decision:  Specifically, that pursuant to the 12-12849 Conditional Stay Order, "a contract of sale [of the Chatham Property] was to be procured by April 23, 2010.  [And because] a sale contract was not obtained[,] the Court entered an order vacating the stay on May 8, 2012."  (Hr'g Tr. 14 May 30, 2012, ECF No. 10.)

On May 1, 2012, Debtor appealed Judge Gambardella's decision to lift the conditional stay to this Court.[2]  Thereafter, Debtor moved before the Bankruptcy Court to stay any Foreclosure Sale throughout the pendency of his appeal.  At the May 30, 2012, hearing on that motion, Debtor advocated for the stay to be reinstated because "reality

---

[1] Neither party has provided the Court with a copy of the transcript of the April 23, 2012 hearing.  However, a copy of that document is unnecessary for the Court to decide the present matter.

[2] The Order vacating the conditional stay was not formally entered on the Bankruptcy Court's docket until May 8, 2012.

[did] finally set in," he had recently listed the Chatham Property on the market, was now

"in full mode to get [it] sold," and estimated that a sale could occur in four to eight

weeks.  (*Id*. at 8, 10, 12.)  In response, the Bankruptcy Court noted that because it did not

have any proof of a pending sale, Debtor's assurances amounted to "a lot of hearsay on

the record."  (*Id*. at 12.)  Also in the course of the hearing, Elizabeth Wassell, counsel for

Capital One, incorrectly indicated that Debtor owed Capital One over $1,000,000.[3]  (*Id*.

at 9.)  Debtor correctly disputed that figure on the record.  (*Id*. at 11.)

At the same hearing, the Bankruptcy Court denied Debtor's motion to reinstate

and indefinitely extend the stay pending appeal, but further extended the earliest date that

a Foreclosure Sale could occur by two weeks, to June 22, 2012.[4]  (*Id*. at 13-21.)  In

making that ruling, Judge Gambardella explained that in light of the11-21289 Order,

Debtor's February 6, 2012, bankruptcy petition did not invoke the protections of the

automatic stay.  (*Id*. at 13.)  Judge Gambardella also noted that the only proof before the

Court which favored reinstating the stay was "Mr. Torppey's belief that the [Chatham

Property] can now be sold at upwards of $980,000."  (*Id*. at 15.)  Tellingly, Judge

Gambardella also recognized that "[t]he Court has already given Mr. Torppey a

significant amount of time in order to accomplish the sale of this property and I do not

believe there has been any demonstrable progress to date." (*Id*. at 16.)

## II. Legal Analysis

---

[3] Ms. Wassell has since supplied this Court with documentation indicating that Debtor owes Capital One approximately $634,154.80 as of June 27, 2012.  In the certification she supplied to the bankruptcy court ahead of the April 23, 2012, hearing Ms. Wassell stated that Debtor owed Capital One approximately $612,000.
[4] A formal order to that effect was signed on June 6, 2012.

Presently before the Court is Debtor's appeal of Judge Gambardella's decision to lift the conditional stay of the pending Foreclosure Sale.[5]  This Court has jurisdiction to hear the Debtor's appeal pursuant to 28 U.S.C. § 158(a); *see also United States v. Pelullo*, 178 F.3d 196, 200 (3d Cir. 1999).  On appeal, this Court reviews "the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130–31 (3d Cir. 1998).  In that regard, the decision "to annul the automatic stay is a decision [that is] committed to the bankruptcy court's discretion, and may be reversed only for abuse of that discretion." *In re Myers*, 491 F.3d 120, 128 (3d Cir. 2007).  An abuse of discretion occurs when the court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact."  *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir.1993).

### A.  The Automatic Stay

Generally speaking, an initial bankruptcy petition operates to automatically stay actions or proceedings by creditors to recover claims or judgments from a bankrupt debtor.  11 U.S.C. § 362(a); *In re Beers*, No. 10-4299, 2011 WL 1627046, at *1 n. 2 (D.N.J. Apr. 28, 2011).  However, bankruptcy courts also have broad authority to make exceptions to and to annul the automatic stay based on the individual circumstances of each case.  *See, e.g., Capital Communications Federal Credit Union v. Boodrow*, 197 B.R. 409 (N.D.N.Y. 1996), *aff'd*, 126 F.3d 43 (2d Cir. 1997), *cert. denied* 522 U.S. 1117 (1998); *see also In re Wilson*, 116 F.3d 87, 91 (3d. Cir. 1997) (relief from the automatic

---

[5] On June 28, 2012, the Bankruptcy Court entered an order confirming Debtor's bankruptcy plan.  However, neither party has indicated whether the order confirming the plan affects Debtor's appeal.

stay under § 362(d)(1)'s "for cause" provision is based on the totality of circumstances of each particular case); *In re Rosen*, 208 B.R. 345, 355 (D.N.J. 1997) (same).

With the foregoing considerations in mind, the Court notes that the 11-21289 Order created a presumption that Debtor's February 6, 2012 bankruptcy petition did not automatically stay the pending Foreclosure Sale, and that Judge Gambardella ordered that prospective relief, at least in part, because of Debtor's history of prior bankruptcy filings. And although the substance of the 11-21289 Order is not being challenged on appeal, it is well settled the prospective relief from the automatic stay, such as in the 11-21289 Order, is appropriate where serial bankruptcy filers repeatedly use the protections of the automatic stay to forestall a scheduled foreclosure action. *See*, *e.g.*, *In re Feldman*, 309 B.R. 422, 426 (Bankr. E.D.N.Y. 2004); *In re Rowe*, 239 B.R. 44, 54 (Bankr. D.N.J. 1999). Accordingly, the Court begins its analysis with the presumption that the automatic stay was not triggered when Debtor filed his seventh bankruptcy petition.

### B. Debtor's Grounds for Appeal

Debtor is pursuing the instant appeal *pro se*, and thus, the Court reads his papers liberally. *United States v. Otero*, 502 F.3d 331, 334 (3d. Cir. 2007). And while he has submitted numerous, and somewhat disjointed, documents in support of his appeal, those papers raise two core arguments on appeal. First, Debtor asserts that Elizabeth Wassell, counsel for Capital One, made material misrepresentations to the Bankruptcy Court about Debtor's recent payment history and the total amount of money he owed to Capital One which "were taken into account by the court in the rendering of its decision during the proceedings on April 23rd." (Torppey June 2, 2012 Letter, ECF No. 3.) Second, Debtor

argues that if the stay of the Foreclosure Sale is reinstated, he will be able to sell the

Chatham Property for more money than will be obtained through a Foreclosure Sale, and

thus, is "asking for additional time necessary to obtain a contract of sale, as I have

everything in place for this to occur on a timely basis." (*Id.*)  Neither argument provides

a proper basis for the Court to overturn Judge Gambardella's May 8, 2012 Order.

First, aside from Ms. Wassell's admittedly inaccurate estimation to the Bankruptcy

Court about the amount owed to Capital One during the May 30, 2012, hearing, which

occurred well after the stay was already vacated, Debtor has not provided any evidence

demonstrating that Ms. Wassell made misrepresentations to the Bankruptcy Court, much

less that Judge Gambardella relied on those misrepresentations as a basis to vacate the

conditional stay.

What the record instead shows is the following:  that when Debtor filed for

bankruptcy on February 6, 2012, an automatic stay of a Foreclosure Sale of the Chatham

Property was not triggered because of language in the 11-21289 Order; that the language

granting prospective relief from the automatic stay was placed in the 11-21289 Order

because Debtor has repeatedly filed bankruptcy petitions that have contributed to

delaying a Foreclosure Sale that has been pending since December, 2010; that in spite of

the unequivocal language in the 11-21289 Order, the Bankruptcy Court, pursuant to its

broad authority to stay the Foreclosure Sale, granted Debtor an additional sixty-day stay,

effective February 21, 2012; that as a condition of that extension, Debtor was required to,

among other things, procure a contract of sale for the Chatham Property by April 23,

2012; that Debtor failed to comply with that requirement; and that the Bankruptcy

Court's decision to lift the discretionary stay was based on Debtor's failure to obtain a contract of sale.

And while the Court is not unsympathetic to Debtor's desire to receive the maximum amount of value for the Chatham Property, and regardless of any recent efforts made by Debtor to further that goal, those considerations do not change the fact that the discretionary stay was conditioned upon Debtor procuring a contract of sale by April 23, 2012, and that Debtor failed to do so. Moreover, when looking at the facts leading up to this appeal, it is clear that in spite of numerous opportunities the Bankruptcy Court gave Debtor to accomplish a sale of the Chatham Property after a Foreclosure Sale was first scheduled to occur in December, 2010, the Bankruptcy Court determined that as late as May 30, 2012, there was still no evidence that Debtor made any demonstrable progress to accomplish a sale of the Chatham Property, much less that a sale was forthcoming. *See Kim v. Parklane*, No. 10-41, 2010 WL 715821, at *5 (D.N.J. Mar. 10, 2010) (denying stay of sale of real property pending appeal where appellant, without proof of an actual offer for sale, sought the stay to attain a greater financial benefit upon sale of the property).

In short, after reviewing the facts and procedural history leading up to this appeal, it is clear that Bankruptcy Court's decision to lift the permissive stay on May 12, 2012, was in no way based upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact. And because the Bankruptcy Court therefore did not abuse its discretion when it lifted the permissive stay, this Court will affirm that decision.

## III.     CONCLUSION

For the reasons stated above, the Bankruptcy Court's May 8, 2012 order denying

Debtor's motion to extend a stay of the Foreclosure Sale is **AFFIRMED**. Debtor's

motion to stay the Foreclosure Sale pending appeal is therefore **DENIED**, as moot.  An

appropriate Order follows.

         /s/William J. Martini
           **WILLIAM J. MARTINI, U.S.D.J.**

**Date: August 9, 2012.**